**\*\*E-Filed October 19, 2009 \*\***

M. Jeffery Kallis, SBN 190028
**THE LAW FIRM OF KALLIS & ASSOCIATES, P.C.**
333 W. San Carlos St., 8th Floor
San Jose, CA 95110
Telephone: (408) 971-4655
Facsimile: (408) 971-4644
M_J_Kallis @Kallislaw.org

Andrew V. Stearns, SBN 164849
Ignascio G. Camarena II, SBN 220582
Steven M. Berki, SBN 245426
**BUSTAMANTE, O'HARA, & GAGLIASSO, P.C.**
333 W. San Carlos St., 8th Floor
San Jose, California  95110
Telephone: (408) 977-1911
Facsimile: (408) 977-0746
astearns@loboinc.com
icamarena@loboinc.com
sberki@loboinc.com

Attorneys for Plaintiff      s
**MS. THÉRESE ARIZMENDI; and
BABY ARIZMENDI**

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **THERESE ARIZMENDI**, et al., | Case No. CV 08-05163 JW |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER AS AMENDED BY THE COURT** |
| vs. | Complaint Filed:   November 13, 2008 |
| | Answer Filed:       January 26, 2009 |
| **CITY OF SAN JOSE**, et al., | |
| Defendants. | CMC Date: |
| | Time:           10:00 a.m. |
| | Courtroom:    8, 4th Floor |
| | Judge:          Hon. James Ware |

Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this matter be made pursuant to the terms of this PROTECTIVE ORDER.

GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the entry of an order as follows:

1.      CONFIDENTIAL INFORMATION, within the meaning of this PROTECTIVE ORDER, shall include all documents containing peace officer personnel records, official information and any other such documents that a party in good faith has determined to be confidential.  A Party shall attempt to stamp "Confidential" on all such documents prior to production.  In the event that any CONFIDENTIAL INFORMATION is inadvertently not stamped as "Confidential" by the producing Party, the party who notices this oversight shall nonetheless treat such documents as CONFIDENTIAL INFORMATION.  Such party shall also immediately make the labeling oversight known to the other parties and the documents shall immediately be stamped as "Confidential" and treated as such, as per this order.

2.      The CONFIDENTIAL INFORMATION shall not be exhibited, displayed or otherwise disclosed by any Party's Counsel (or authorized persons described in Section 7) to other persons except as specifically provided herein (the limitations on use of CONFIDENTIAL INFORMATION set forth herein are meant to apply only to a party's, party's counsel's, or party's retained expert, investigator or consultant's use of the CONFIDENTIAL INFORMATION designated by counsel for the opposing party and not to limit in any way a party or party's counsel's use of his own CONFIDENTIAL INFORMATION).

3.      All documents, including, but not limited to, audiotapes, videotapes, photographs, transcripts, etc., related to any criminal investigation incidental to the event forming the basis of this lawsuit shall be also be deemed CONFIDENTIAL INFORMATION, within the meaning of this stipulation.

4.      A Party may challenge another party's designation of a particular document as CONFIDENTIAL INFORMATION by filing an appropriate motion~~, under seal,~~ with the Court. **A party that seeks to file under seal any such motion must comply with Civil Local Rule 79-5.**

5.      Unless disclosure is ordered by the Court, attorneys for the party  designating the CONFIDENTIAL INFORMATION   shall have the sole authority to determine that documents subject to the PROTECTIVE ORDER are no longer considered CONFIDENTIAL INFORMATION and will advise opposing counsel  in writing if this determination is made.

STIPULATION RE PROTECTIVE ORDER                              2

6.     Any CONFIDENTIAL INFORMATION that is disclosed or produced by any party or non party in connection with this case may be used by the opposing party only for prosecuting, defending, or attempting to settle this litigation. CONFIDENTIAL INFORMATION may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, all parties or non parties that have received CONFIDENTIAL INFORMATION must comply with the provisions of Section 13, below.

All parties or non parties that have received CONFIDENTIAL INFORMATION must store and maintain it in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.     Party's Counsel may exhibit, discuss, and/or disclose CONFIDENTIAL INFORMATION designated by the other party only to the following categories of person and no other unless authorized by order of the Court:

a.     The Party and Party's Counsel;

b.     Experts, investigators or consultants retained by a party's Counsel to assist in the evaluation, preparation, or trial of this case; however, before any expert, investigator, or consultant is permitted to review the CONFIDENTIAL INFORMATION, such individual must agree to comply with the terms of this PROTECTIVE ORDER by executing the document attached as Exhibit A. A Party's counsel shall file and serve that document upon its execution; however, counsel shall not be required to file any Agreement to Comply any earlier than the date that Expert Disclosures are required to be made. Experts, investigators, and consultants shall not have any power to authorize further disclosure of CONFIDENTIAL INFORMATION to any other person**; and**

**c.     The Court and its personnel.**

8.     Unless otherwise stipulated to by the party designating CONFIDENTIAL INFORMATION, any use of CONFIDENTIAL INFORMATION or comment on the substance of any CONFIDENTIAL INFORMATION in any papers or pleadings filed with the Court, shall ~~be filed~~ **seek to file such CONFIDENTIAL INFORMATION** under seal pursuant to the Court's rules and procedures (see Northern District of California Civil Local Rule 79-5). The sealed envelopes shall be endorsed with the caption of this

STIPULATION RE PROTECTIVE ORDER                    3

litigation, and an indication of the nature of the contents of the envelopes and a statement substantially in the following form:

"This envelope contains documents that are filed in this case pursuant to a Protective Order and are not to be opened nor the contents thereof to be displayed or revealed except by further order of the Court or written consent of the party designating this information as confidential pursuant to Protective Order."

9.      In the event any person desires to exhibit documents or disclose CONFIDENTIAL INFORMATION covered under this stipulation during trial or pretrial proceedings, such person shall meet and confer **in good faith (in voice-to-voice dialogue; other forms of communication are not sufficient)** with counsel for the party designating the CONFIDENTIAL INFORMATION to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure, and if the party designating the CONFIDENTIAL INFORMATION does not agree to such disclosure, the party seeking to disclose the CONFIDENTIAL INFORMATION shall move the Court for an Order as to the relevance and materiality of the CONFIDENTIAL INFORMATION and as to whether the CONFIDENTIAL INFORMATION may be disclosed. ~~Unless~~ **The burden of persuasion in any such challenge shall be on the party opposing disclosure.** Unless otherwise agreed, transcripts and exhibits that incorporate or reference CONFIDENTIAL INFORMATION covered under this stipulation shall be treated as CONFIDENTIAL INFORMATION that is subject to the provisions of this PROTECTIVE ORDER.   The Court Reporter shall mark as "Confidential" any deposition or hearing transcript that contains any CONFIDENTIAL INFORMATION or any reference to CONFIDENTIAL INFORMATION.

10.     If a party who has received CONFIDENTIAL INFORMATION learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or in any circumstance not authorized under this PROTECTIVE ORDER, the party must immediately (a) notify the other party's attorney in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the CONFIDENTIAL INFORMATION, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the document that is attached hereto as Exhibit A.

STIPULATION RE PROTECTIVE ORDER                              4

11.    Any inadvertent disclosure made in violation of this PROTECTIVE ORDER does not constitute a waiver of the terms of this PROTECTIVE ORDER, except by written agreement of the parties, or further order of this Court.

12.    All documents covered by this PROTECTIVE ORDER and copies thereof (including those in the possession of experts, consultants, investigators, etc.) designated by opposing counsel will be returned to opposing counsel at the termination of this litigation, through final judgment, appeal, or by whatever means resolved.  On final disposition of this case, counsel for the parties, and all other persons subject to this Order (including experts, consultants, and investigators), shall within 30 days after the final disposition of this case, without request or further order of this Court, return all CONFIDENTIAL INFORMATION designated by opposing counsel to opposing counsel.  The provisions of this PROTECTIVE ORDER shall, without further order of the Court, continue to be binding after the conclusion of the action, and this Court will have jurisdiction to enforce the terms of this PROTECTIVE ORDER **for a period of six months after the final termination of this action.**

13.    Should any party fail to comply with this PROTECTIVE ORDER, that party shall be liable for all costs associated with enforcing this agreement, including but not limited to all attorney fees in amounts to be determined by the Court.

IT IS SO STIPULATED.

Dated: , 2009

/s/ Michael Dodson
By:_____

Michael Dodson
San Jose City Attorney's Office, for Defendants

Dated: October 16, 2009          THE LAW FIRM OF KALLIS, APC

By:___/s/ Jeffery Kallis_____
JEFFERY M. KALLIS
Attorney for Plaintiff

STIPULATION RE PROTECTIVE ORDER                5

EXHIBIT A

AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE

ORDER FOR CONFIDENTIAL INFORMATION

I, _____ , have read and understand the Court's Protective Order for CONFIDENTIAL INFORMATION.  I agree to abide by all terms of the Order.  In addition, I specifically understand and agree to the following:

1.      I will not disclose the CONFIDENTIAL INFORMATION to any other person.

2.      I understand that I have no power to authorize any other person to review the CONFIDENTIAL INFORMATION.

3.      I agree not to make copies of the CONFIDENTIAL INFORMATION.

4.      I agree to return the CONFIDENTIAL INFORMATION to the counsel for the party that produced it, at or before the conclusion of this litigation.

5.      I understand that if I violate any of the terms of the Protective Order, then the party who provided me with the CONFIDENTIAL INFORMATION, that party's Counsel, and I may be subject to sanctions or possible contempt.

AGREED:

_____

DATE:

_____


_____
SIGNATURE


_____
PRINT NAME

STIPULATION RE PROTECTIVE ORDER                    7

1

ORDER

2

3            Pursuant to this stipulation, IT IS SO ORDERED

4

5    Dated: __October 19, 2009__                    _____

6                                                    **HOWARD R. LLOYD**
                                                     UNITED STATES **MAGISTRATE** JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION RE PROTECTIVE ORDER                      6