**\*\* E-filed April 7, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THERESE ARIZMENDI; BABY ARIZMENDI, a minor, by and through his mother THERESE ARIZMENDI,<br><br>　　　　　　Plaintiffs,<br>　v.<br>CITY OF SAN JOSE, et al.,<br>　　　　　　Defendants. | No. C08-05163 JW (HRL)<br><br>**ORDER (1) DENYING PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AND (2) GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**<br><br>[Re: Docket Nos. 48, 68] |

　　　　Plaintiff Therese Arizmendi filed a civil rights action on behalf of herself and her minor child against defendants City of San Jose ("San Jose"), San Jose Police Chief Robert Davis, and thirteen individual San Jose police officers. The complaint is based on events that transpired during Ms. Arizmendi's two-hour detention by San Jose police in January 2008.

　　　　Presently before the court are two motions. Plaintiffs move to compel San Jose and Chief Davis to provide further responses to written discovery and for sanctions. (Docket No. 48.) Defendants move for a protective order regarding plaintiffs' noticed deposition of Chief Davis. (Docket No. 68.) Each side opposes the other's motion. Upon consideration of the motion papers and the arguments of counsel at the motion hearing, the court denies plaintiffs' motion and grants defendants' motion.

///

///

## DISCUSSION

**A.   Plaintiffs' Motion to Compel**

Plaintiffs move to compel San Jose to provide further responses to twenty-six interrogatories and twenty-nine requests for production ("RFPs"). They also move to compel Chief Davis to provide further responses to sixty-seven interrogatories and eleven RFPs. The bases for their motion are numerous, but include that defendants failed to support an assertion of burden or privacy, that plaintiffs' requests are relevant and appropriate for their *Monell* claims, and that defendants failed to provide complete responses in good faith (and in some cases, were even perjurious).

Defendants respond that given their limited resources, they have already provided sufficient responses to what they perceive to be plaintiffs' extremely burdensome requests. They assert that plaintiffs seek a vast expanse of material that has no bearing on the case, including all policy and training information on multiple subjects for at least the past five years. Defendants say that they have provided plaintiffs with the police department's Duty Manual concerning plaintiffs' areas of inquiry as well as the personnel and training files for all thirteen individual defendant police officers. They argue that under the circumstances, they have adequately complied with plaintiffs' "unreasonably voluminous discovery requests" and that the burden to provide further responses outweighs any benefit. (Opp'n 2, 11–12.)

The court's review of this motion was hampered by its excessive length. Plaintiffs' motion included a 233-page separate statement of the discovery items in dispute.[1] Defendants' separate statement in response produced an additional 105 pages. To review the parties' arguments, this court generated a twenty-three page chart merely to assimilate the 133 individual discovery items in dispute. In so doing, it became clear that plaintiffs' requests are nothing more than a giant fishnet that seeks to capture something—anything—that might support its claim of *Monell* liability.

The underlying events of this litigation encompass a two-hour period of time whereby plaintiffs allege unconstitutional searches and seizure. Yet these events have spawned requests for detailed information concerning multiple subjects, including every document from a five-year period that involve training, policymaking, evaluations, and investigations. Plaintiffs even sought

---

[1] Although plaintiffs' brief was within the 25-page limit as required by this court's Local Rules, *see* N.D. Cal. Civ. R. 7-2(b), plaintiffs included significant legal analysis in their separate statement, resulting in a 257-page initial filing.

2

specific, highly detailed facts concerning every lawsuit filed against San Jose for nine different subjects, including "the names of the police officers involved, their rank and current home address;" "if a weapon was used, identify the type of weapon and the number of times it was used;" and "what investigations, reviews, or evaluations of the incident forming the basis of the lawsuit were conducted by any persons or persons within the SAN JOSE municipal government who are not officers or employees of the San Jose Police Department." (San Jose Interrogatory No. 18.) The remaining discovery presented to San Jose and Chief Davis—in both interrogatory and RFP form—continues in this vein. Such requests clearly are burdensome.[2]

In addition, plaintiffs have failed to convince the court that such broad discovery requests are reasonably calculated to lead to admissible evidence in this case. To impose municipal liability under 42 U.S.C. § 1983 for a violation of constitutional rights, a plaintiff must show "(1) that the plaintiff possessed a constitutional right of which she was deprived, (2) that the municipality had a policy, (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations omitted). But instead of identifying a policy at issue and then seeking evidence targeted to that policy, plaintiffs' discovery requests are in search of the policy itself. Therefore, the burden of plaintiffs' requests outweighs their likely benefit. *See* Fed R. Civ. P. 26(b)(2)(C).

As the court does not find any of plaintiffs' other arguments persuasive, it DENIES the motion.

**B.      Defendants' Motion for a Protective Order**

Plaintiffs' announced purpose for the deposition of Chief Davis is to inquire about the policies and customs of the police department. Defendants now seek a protective order on grounds that, because Chief Davis is a high-level official, plaintiffs have failed to demonstrate that his deposition is genuinely necessary. They claim that Chief Davis was not involved in the underlying

---

[2] The sheer number of plaintiffs' requests also support that they are burdensome. Although the parties had agreed to extend the interrogatory limit to thirty per defendant, plaintiffs nevertheless propounded a number well beyond that agreed-upon limit. (*See* Opp'n 1.) The fact that defendants ultimately responded to those interrogatories—inadvertently or not—does not discount the fact that plaintiffs propounded their requests in clear violation of the parties' agreement.

1  events in this case nor would he have any firsthand knowledge of any supposedly unwritten custom
2  or practice. They also assert that this information is available from other sources, such as a
3  deposition of the person most knowledgeable about the department's policies and customs.

4  Plaintiffs counter that Chief Davis is not a high-ranking official, but that, even if he were,
5  they have shown why his deposition is appropriate. Plaintiffs assert that Chief Davis has personal
6  knowledge of the department's customs and practices because he is responsible for ensuring that the
7  department follows its written policies and because he receives information about the department's
8  activity for his reports to the San Jose City Council. They further claim that they cannot learn about
9  the department's policy and customs from any other source.

10  "Heads of agencies and other top government executives are normally not subject to
11  deposition." *Avalos v. Baca*, No. 05-07602, 2006 WL 6220447 at *1 (C.D. Cal. Oct. 16, 2006)
12  (citing *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979)). A deposition of a high-
13  ranking official generally is improper where he is removed from the subject of the litigation and
14  lacks "unique personal knowledge of the facts at issue"—especially where the information sought is
15  available from "lower-level employees with more direct knowledge" of those facts. *Celerity, Inc. v.*
16  *Ultra Clean Holding, Inc.*, No. 05-04374, 2007 WL 205067, *3 (N.D. Cal. Jan. 25, 2007).

17  Under the circumstances of this case, defendants have met their burden for a protective
18  order. *See* Fed. R. Civ. P. 26(c); *Blankenship v. Hearst*, 519 F.2d 418 (9th Cir. 1975). Plaintiffs
19  concede that they do not have any evidence that Chief Davis was involved in the events underlying
20  the instant litigation. Nor have they countered defendants' assertion that he lacks unique personal
21  knowledge about the department's policies and customs. In addition, defendants have persuaded the
22  court that the information plaintiffs seek is available through the deposition of a department
23  representative well versed in potentially relevant policies and customs. *See* Fed. R. Civ. P. 30(b)(6).
24  Accordingly, the court GRANTS defendants' motion.

25  **IT IS SO ORDERED.**

26  Dated: April 7, 2010

27  _____
    HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE
28

4

**C 08-05163 JW (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Andrew Vinson Stearns | astearns@boglawyers.com, dbrothers@boglawyers.com, lmoniz@boglawyers.com, sberki@boglawyers.com |
| Ignascio Gallegos Camarena, II | igc@dimalantaclark.com, jas@dimalantaclark.com |
| Joseph P. DiCiuccio | cao.main@sanjoseca.gov |
| M. Jeffery Kallis | M_J_Kallis@Kallislaw.org, anna_khuu@kallislaw.com, Jeff_kallis@Kallislaw.com |
| Michael J. Dodson | cao.main@sanjoseca.gov |
| Steven Michael Berki | sberki@loboinc.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**