1

**\*\* E-filed April 21, 2010 \*\***

2

3

4

5

6

7                              NOT FOR CITATION

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11   THERESE ARIZMENDI; BABY                    No. C08-05163 JW (HRL)
     ARIZMENDI, a minor, by and through his
12   mother THERESE ARIZMENDI,                  **ORDER RE: MID-DEPOSITION
                                                DISPUTE**
13                      Plaintiffs,
              v.
14
     CITY OF SAN JOSE, et al.,
15
                        Defendants.
16   _____/

17          On April 19, 2010, the parties contacted the court with a dispute concerning the scope of

18   questions and the production of documents at a deposition for the person representing plaintiff Baby

19   Arizmendi, then in progress.  As the court was unavailable at that time, it arranged to hear the

20   dispute through a conference call to the court on April 21, 2010.[1]  During this call, plaintiffs'

21   counsel and defendants' counsel stated their respective positions.  The court ruled as follows:

22          1.   Questions concerning the legitimacy of Baby Arizmendi are relevant under the

23               circumstances of this case.  Plaintiffs' counsel's instructions to the representative,

24               Therese Arizmendi, not to answer such questions were improper under Fed. R. Civ. P.

25               30(c)(2).

26          2.   Baby Arizmendi's representative shall produce the child's birth certificate and the

27               Arizmendi's marriage certificate.  If the representative cannot produce these records, she

28               shall sign appropriate authorizations to allow defendants to obtain the records.

_____
[1] As the court noted during the call, this was an exceptional accommodation.  In the future, the
parties shall file an appropriate motion if the court is unavailable to resolve a mid-deposition dispute.

3.  Questions seeking the intent of the mother, Therese Arizmendi, in leaving her child at her home on the night of the events at issue in this case are not within the scope of a deposition of the child's representative.

4.  Requests to produce documents concerning initial disclosures are not within the scope of this deposition.  However, plaintiffs represent that they have produced all documents referenced in their initial disclosures.  As such, this dispute does not seem to be an issue.

**IT IS SO ORDERED.**

Dated: April 21, 2010



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 08-05163 JW (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Andrew Vinson Stearns | astearns@boglawyers.com, dbrothers@boglawyers.com, lmoniz@boglawyers.com, sberki@boglawyers.com |
| Ignascio Gallegos Camarena, II | igc@dimalantaclark.com, jas@dimalantaclark.com |
| Joseph P. DiCiuccio | cao.main@sanjoseca.gov |
| M. Jeffery Kallis | M_J_Kallis@Kallislaw.org, anna_khuu@kallislaw.com, Jeff_kallis@Kallislaw.com |
| Michael J. Dodson | cao.main@sanjoseca.gov |
| Steven Michael Berki | sberki@loboinc.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California