UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| THERESE ARIZMENDI, | ) | Case No.: 5:08-CV-05163 EJD |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **RENEWED MOTION FOR** |
| v. | ) | **SUMMARY JUDGMENT** |
| | ) | |
| CITY OF SAN JOSE, et al., | ) | |
| | ) | |
| Defendants. | ) | **[Re: Docket No. 144]** |
| | ) | |
| | ) | |

Plaintiff Therese Arizmendi ("Plaintiff") has filed a civil rights action under 42 U.S.C. § 1983 bringing several claims of various constitutional violations against the City of San Jose, San Jose Police Chief Robert Davis, and thirteen police officers and sergeants (collectively "Defendants"). The lawsuit arises out of an incident that took place on January 27, 2008 involving Plaintiff and several of the Defendant officers.

Presently before the Court is Defendants' Renewed Motion for Summary Judgment. See Docket Item No. 144. Federal Jurisdiction arises pursuant to 28 U.S.C. § 1331. The Court has carefully reviewed the parties' papers for this matter, and for the reasons explained below, Defendants' motion will be granted.

1

United States District Court
For the Northern District of California

## 1. Background

### 1.1 Factual Background

The Court will refer to a previous Order by Judge James Ware granting Defendants' Motion for Summary Judgment to provide a summary of the undisputed facts of this case:

> On January 27, 2008, the San Jose Police department received a 911 call from two men who claimed that a man had "pulled a gun" on them that appeared to be an AK-47. The 911 callers reported that the man had clicked the gun as though he was loading it while stating that "he was going to get [the two men]." [Declaration of Daisy M. Nishigaya, Docket Item No. 106, Ex. 10 (Official Transcript of the 911 Call) at 1.] When asked where the man with the gun was at present, the caller reported that the gunman was "at home" at "556 N. 16th Street" in a "two story" home, "two houses down" from "544 N. 16th Street" with "black trucks out front," describing in detail Plaintiffs' residence. (Id. at 1, 3, 4.) When asked, "In the house?" the caller responded affirmatively, "Yeah." (Id. at 3.)
>
> A few minutes after the call, Defendant Officers arrived at Plaintiffs' home at 556 N. 16th Street and set up a perimeter to investigate. [Def.'s Mot. for Summ. J. at 3, Docket Item No. 105; Memo. in Opp'n re Mot. for Summ. J. at 3, Docket Item No. 115.] Some time after Defendant Officers arrived, Plaintiff Arizmendi exited the home, entered a black Lincoln Navigator SUV and proceeded to drive down the street. (Id.; Id.) Defendant Officers stopped Plaintiff Arizmendi's vehicle shortly after she had begun to drive away from the residence. (Id.; Id.) Defendant Officers searched Plaintiff Arizmendi's person and inside the vehicle, placed her in handcuffs and held her in custody for a period of time. (Id. at 4; Id. at 4.)
>
> Defendant Officers then arrested Plaintiff Arizmendi's husband and, on notice that eleven-month-old Baby Arizmendi was asleep inside the house, entered the home. (Motion at 4; Opp'n at 4-5.) Defendant Officers undertook multiple searches of the home and located two guns, an unloaded rifle and a loaded handgun. (Id. at 5; Id. at 5-6.) During the searches, Plaintiff Arizmendi requested that Defendant Officers reunite her with Baby Arizmendi, and Defendant Officers complied after locating the infant in an upstairs bedroom. (Id.; Id.) .

Arizmendi v. City of San Jose, No. C 08-05163 JW, at 2 (N.D. Cal. Dec. 15, 2010), Docket Item No. 128 (hereinafter "Ware Order").

### 1.2 Procedural History

On November 13, 2008 Plaintiff filed her Complaint with this Court. The named defendants were the City of San Jose, San Jose Police Chief Robert Davis, Sergeant Bennett, Sergeant Pate, Sergeant Imobersteg, Sergeant Boyle, Officer R. Vaughn, Officer C. Parente, Officer Lutticken,

Case No.: 5:08-CV-05163 EJD
ORDER GRANTING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

Officer Ordaz, Officer Kurrle, Officer Sit, Officer Miri, Officer Cook, and Officer De Los Santos. The Complaint brought forth various 42 U.S.C. § 1983 claims of constitutional violations as well claims based upon state tort law and California statutes. Plaintiff had also brought forth several claims on behalf of Baby Arizmendi. The table below is a summary of the Complaint:

| Cause of Action | | Plaintiff(s) | Defendant(s) |
|---|---|---|---|
| First | Monell (Policy or Practice; Alleging Violations of Plaintiffs' First, Fourth, Fifth, Sixth, Eighth, Fourteenth Amendment Rights and "Excessive Force") | Arizmendi and Baby | San Jose |
| Second | Monell (Acts of Chief as Final Policymaker; Alleging Violations of Plaintiffs' First, Fourth, Fifth, Sixth, Eighth, Fourteenth Amendment Rights and "Excessive Force") | Arizmendi and Baby | San Jose |
| Third | Monell (Ratification by Chief Davis as Final Policymaker; Alleging Violations of Plaintiffs' First, Fourth, Fifth, Sixth, Eighth, Fourteenth Amendment Rights and "Excessive Force") | Arizmendi and Baby | San Jose |
| Fourth | Monell (Failure to Train; Alleging Violations of Plaintiffs' First, Fourth, Fifth, Sixth, Eighth, Fourteenth Amendment Rights and "Excessive Force") | Arizmendi and Baby | San Jose |
| Fifth | 42 U.S.C. § 1983 (Fourth Amendment Violations under a Supervisory Theory of Liability) | Arizmendi and Baby | Davis; Bennett; Pate; Imobersteg; Boyle |
| Sixth | 42 U.S.C. § 1983 (Alleging Violations of Plaintiffs' First, Fourth, Fifth, Sixth, Eighth, Fourteenth Amendment Rights and "Excessive Force") | Arizmendi and Baby | All Officers |
| Seventh | False Arrest | Arizmendi and Baby | Vaughn; Lutticken; Bennett; Cook; Sit |
| Eighth | False Imprisonment | Arizmendi and Baby | Vaughn; Lutticken; Bennett; Cook; Sit |
| Ninth | Assault | Arizmendi | Vaughn |
| Tenth | Battery | Arizmendi | Vaughn; Lutticken |

Case No.: 5:08-CV-05163 EJD
ORDER GRANTING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

| Eleventh | Intentional Infliction of Emotional Distress | Arizmendi and Baby | Vaughn; Lutticken; Bennett; Cook; Sit |
| Twelfth | Trespass | Arizmendi | Vaughn; Lutticken; Bennett; Cook; Sit |
| Thirteenth | Bane Civil Rights Act, Cal. Civil Code § 52.1 | Arizmendi and Baby | All Defendants |
| Fourteenth | Civil Conspiracy | Arizmendi and Baby | All Defendants |
| Fifteenth | Aiding and Abetting | Arizmendi and Baby | All Defendants |
| Sixteenth | Negligence | Arizmendi and Baby | All Defendants |
| Seventeenth | Injunctive Relief | Arizmendi and Baby | All Defendants |

See Ware Order at 3.

Following completion of significant discovery, which included deposing several of the actors involved in the incident, Defendants filed a Motion for Summary Judgment on May 17, 2010. See Docket Item. No. 105. On December 15, 2010, Judge Ware issued an order granting in part and denying in part this motion. See Docket Item No. 105. The outcome of the Ware Order can be summarized as follows:

- Granted Defendants' motion with regard to all claims on brought on behalf of Baby Arizmendi;

- Granted Defendants' motion with regard to the § 1983 claims of Fourth Amendment violations arising out of the search and seizure of Plaintiff's car;

- Granted Defendants' motion with regard to the § 1983 claims of Fourth Amendment violations arising out the search of Plaintiff's residence;

- Denied Defendants' motion with regard to the § 1983 claims of Fourth Amendment violations arising out of the search of Plaintiff's person;

- Granted Defendants' motion with regard to all of Plaintiff's Monell claims against the City of San Jose;

- Dismissed sua sponte all § 1983 claims of violations of Plaintiff's First, Sixth, Eighth, and Fourteenth Amendment rights; and

- Granted Defendants' motion with regard to all state law claims except for those claims arising out of the search, seizure and detention of Plaintiff and her vehicle.

In light of the Ware Order, the claims which remain at present are (1) the federal claims against the individual Defendant Officers of constitutional violations arising out of the pat down and search of Plaintiff's person, and (2) the state claims of violations arising out of the search, detention, and seizure of Plaintiff's person and her vehicle.

Case No.: 5:08-CV-05163 EJD
ORDER GRANTING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

On April 25, 2011, this case was reassigned to Judge Edward J. Davila. <u>See</u> Docket Item No. 138. On October 28, 2011 Defendants filed their Renewed Motion for Summary Judgment, the motion presently before the court. This motion seeks summary judgment in Defendants' favor on the following claims: (1) federal claims against all individual officer defendants who did not have an integral participation in the pat down search of Plaintiff's person; (2) all § 1983-based claims of a violation of the Fifth Amendment; (3) claims against specific individual officers who were not integrally involved in the activities that underlay Plaintiff's state law-based claims; and (4) the claim of a violation of Cal. Civ. Code § 52.1.

On May 4, 2012, the Court conditionally granted Plaintiff's attorney's Motion to Withdraw as Attorney for Plaintiff. <u>See</u> Docket Item No. 162. Since then, Plaintiff has proceeded in this case <u>pro se</u>. The parties appeared before the Court in a hearing on September 7, 2012. On September 21, 2012, as requested by the Court, Defendants filed a Post-Hearing Supplemental Brief in support of their Renewed Motion for Summary Judgment. <u>See</u> Docket Item No. 171.

## 2. Motion for Summary Judgment Standard

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>Addisu v. Fred Meyer, Inc.</u>, 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); <u>Celotex</u>, 477 U.S. at 324. The court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. <u>Celotex</u>, 477 U.S. at 324. However, the mere suggestion that facts are in controversy, as well as conclusory or speculative

5

1   testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. See

2   Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving

3   party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c); see

4   also Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

5   A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable

6   jury, viewing the evidence in the light most favorable to that party, could resolve the material issue

7   in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91

8   L.Ed.2d 202 (1986); Barlow v. Ground, 943 F.2d 1132, 1134–36 (9th Cir. 1991). Conversely,

9   summary judgment must be granted where a party "fails to make a showing sufficient to establish

10  the existence of an element essential to that party's case, on which that party will bear the burden

11  of proof at trial." Celotex, 477 U.S. at 322.

12

13  **3.  Discussion**

14          As noted, Defendants' Renewed Motion for Summary Judgment seeks summary judgment

15  on several of Plaintiff's claims that are still pending after the filing of the Ware Order. The Court

16  will discuss each of these arguments in turn.

17

18                      **3.1    Federal Claims Resulting from the Pat Down Search**

19          Defendants' first argument concerns claims that arose from the pat down search of

20  Plaintiff's person. Defendants argue that the Court should grant summary judgment on the claims

21  against some of the individual officers as well as against the supervising officers.

22

23                          **3.1.1    Individual Officers**

24          This Court will first decide whether to grant summary judgment on the federal claims

25  against individual officer defendants who did not have an integral participation in the pat down

26  search. In support of this request, Defendant notes that the Ware Order limited Plaintiff's federal

27

28                                              6

Case No.: 5:08-CV-05163 EJD
ORDER GRANTING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

1   civil rights claims to only those claims that arose from the pat down and search of Plaintiff's

2   person. Defendant argues that Plaintiff therefore cannot as a matter of law bring federal claims

3   against those officers who did not participate in this search. Defendants contend that the following

4   individuals did not have any personal participation or integral involvement in the pat down and

5   therefore no federal claim arising from that search can be brought against them: Officers Parente,

6   Kurrle, Miri, Sit, De Los Santos, Cook, Ordaz, and Vaughn; Sergeants Imobersteg, Boyle, and

7   Bennett; and Chief Davis. It is Defendants' position that only Officer Lutticken conducted and

8   participated in the pat down search of Plaintiff, and as such, only the claim against him should

9   remain.

10         Plaintiff does not appear to dispute the theory behind Defendants' argument. Plaintiff notes

11   that in her Complaint she only alleged that Officers Vaughn and Lutticken participated in the pat

12   down: "Plaintiff does not dispute that the remaining officers other than Vaughn and Lutticken (and

13   their supervisors) did not participate in the search." Pl.'s Opp'n to Def.'s Renewed Mot. for Summ.

14   J. ("Pl.'s Opp'n") at 16–17.

15         Direct individual liability under 42 U.S.C. § 1983 exists only after establishing that the

16   defendant personally participated in the allegedly unconstitutional search. Taylor v. List, 880 F.2d

17   1040, 1045 (9th Cir. 1989). A plaintiff must establish "integral participation" of the individual

18   officer in the alleged constitutional violation. Chuman v. Wright, 76 F.3d 292, 294–5 (9th Cir.

19   1996). Summary Judgment, therefore, is proper when there is no question of fact or dispute that

20   specific individual defendants did not participate personally in an allegedly unconstitutional search.

21   Taylor, 880 F.2d at 1045–46 (affirming a granting of summary judgment to dismiss a claim against

22   an officer who did not personally participate in an alleged constitutional violation). Accordingly,

23   the Court will grant Defendants' Motion with regard to the officers who did not personally

24   participate in the pat down search of Plaintiff's person.

25         There is no dispute as to Officer Lutticken's participation in the activity which Plaintiff

26   claims amounted to a constitutional violation; therefore the § 1983 claims based on an alleged

27

28                                                  7

United States District Court
For the Northern District of California

1  Fourth Amendment violation in the course of the pat down against him must remain. There does,

2  however, appear to be a dispute as to whether Officer Vaughn participated in the search.

3  Defendants contend that Vaughn did not pat down Plaintiff and cites to Vaughn's deposition as

4  support. See Decl. of Daisy M. Nishigaya, Docket Item No. 141, Ex. 2 Deposition of Officer

5  Raymond Vaughn ("Vaughn Depo"), at 190:17–19. Plaintiff disputes this merely by asserting that

6  Vaughn participated in the pat down. Pl.'s Opp'n at 16–17. Plaintiff has not presented any evidence

7  to support this notion or any evidence that suggests there is a question of fact as to Officer

8  Vaughn's participation. A mere allegation without submission of evidence demonstrating a dispute

9  of facts is insufficient; as such, summary judgment will be granted with regard to Plaintiff's federal

10  claims of a constitutional violation arising from the pat down search against Officer Vaughn. See

11  Thornhill Publ'g Co.,594 F.2d at 738; see also Chuman, 76 F.3d at 294 (noting that the presence of

12  an officer as a bystander to an alleged constitutional violation is insufficient to subject that officer

13  to § 1983 liability).

14

15                          **3.1.2   Supervisor Liability**

16          Defendants also argue that no federal claim vis-à-vis the pat down search can be brought

17  against the supervising officers as well. As the Ninth Circuit has noted, "A supervisor is only liable

18  for constitutional violations of his subordinates if the supervisor participated in or directed the

19  violations, or knew of the violations and failed to act to prevent them. There is no respondeat

20  superior liability under section 1983." Taylor, 880 F.2d at 1045; see also Ybarra v. Reno

21  Thunderbird Mobile Home Village, 723 F.2d 675, 680–81 (9th Cir. 1984). Because Plaintiff has

22  not presented evidence demonstrating a material question of fact as to whether any of the

23  supervising officer Defendants participated in, directed, or knew of and failed to prevent the

24  alleged constitutional violations, summary judgment is appropriate.

25

26

27

28                                      8

### 3.2   Section 1983 Claims Based on Alleged Violations of the Fifth Amendment

Defendant next argues that summary judgment is proper on any § 1983 claim based on an alleged Fifth Amendment violation. As noted in the above factual background subsection, Plaintiff had alleged violations of the First, Fourth, Fifth Sixth, Eighth, and Fourteenth Amendments. The Ware Order dismissed Plaintiff's § 1983 and <u>Monell</u> claims of violations of her "First, Sixth, Eighth, and Fourteenth Amendment rights." Ware Order at 21. Defendants seek to have claims based on an alleged Fifth Amendment violation to be dismissed as well. <u>See</u> Def.'s Renewed Mot. for Summ. J. at 12 ("From the context of the Court Order, it appears that the court fully intended to include the fifth Amendment in this list of other constitutional claims that were being dismissed <u>sua sponte</u>."). Plaintiff has no quarrel with this contention. Pl.'s Opp'n at 18 ("[T]he Court identified plaintiff's allegation as to the Fifth Amendment and stated that they were insufficient and invited plaintiff to amend these claims. Plaintiff did not amend her complaint as to the Fifth Amendment. Nevertheless, to the extent that a Fifth Amendment Cause of Action remains, plaintiff is prepared to dismiss it."). Accordingly, this Court will dismiss any federal claim based on an alleged violation of the Fifth Amendment.

### 3.3   State Law Claims Against Individual Officers

Defendant next seeks dismissal of the state law claims against individual Defendants who were not personally involved in the activity underlying such claims. As noted above, Plaintiff has failed to provide evidence that sufficiently demonstrates a question of fact as to whether an officer other than Lutticken was involved in the pat down search of Plaintiff's person. Plaintiff has presented evidence that Officer Vaughn may have participated in some of the activities which underlies the state tort claims; this Defendants do not dispute. As such, the Court finds that summary judgment is proper to dismiss the following:

- the seventh claim—false arrest—against Sergeant Bennett, and Officers Cook and Sit;
- the eighth claim—false imprisonment—against Sergeant Bennett and Officers Cook and Sit;

Case No.: 5:08-CV-05163 EJD
ORDER GRANTING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

- the tenth claim—battery—against Officer Vaughn;

- the eleventh claim—intentional infliction of emotional distress—against all named Defendants;

- the twelfth claim—trespass—against Sergeant Bennett and Officers Vaughn, Cook, and Sit;

- the fourteenth claim—civil conspiracy—against all named Defendants;

- the fifteenth claim—aiding and abetting—against all named Defendants;

- the sixteenth claim—negligence—against all named Defendants except Officer Lutticken; and

- the seventeenth claim—injunctive relief—against all named Defendants.

### 3.4   Claims of a Violation of California Civil Code Section 52.1

Lastly, Defendant seeks a granting of summary judgment on Plaintiff's thirteenth claim, an alleged violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1. The relevant language of this statute provides,

> If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured.

Cal. Civ. Code § 52.1(a). The Act also allows for the individual whose rights were allegedly interfered with in the way section 52.1(a) describes to initiate a civil action for damages, injunctive relief, or other appropriate remedy. Id. § 52.1(b). Defendants argue that Plaintiff fails to state a claim for a violation of this statute because she fails to sufficiently allege that any of the individual defendants interfered or attempted to interfere with her constitutional rights specifically by the use of threats, intimidation, or coercion.

The elements of a cause of action under the Bane Act are as follows: (1) that the defendant interfered with or attempted to interfere with the plaintiff's constitutional or statutory right by

10

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   threatening or committing violent acts; (2) that the plaintiff reasonably believed that if she

2   exercised her constitutional right the defendant would commit violence against her or her property;

3   (3) that the defendant injured the plaintiff or her property to prevent her from exercising her

4   constitutional right or retaliate against the plaintiff for having exercised her constitutional right; (4)

5   that the plaintiff was harmed; and (5) that the defendant's conduct was a substantial factor in

6   causing the plaintiff's harm. <u>Austin B. v. Escondido Union Sch. Dist.</u>, 149 Cal. App. 4th 860, 882

7   (2007) (citing Judicial Council of California Civil Jury Instructions No. 3025). Critical to a Bane

8   Act cause of action is the allegation that the defendant specifically used threats, intimidation, or

9   coercion. <u>Id.</u> at 883.

10          As noted, the only individual defendant that engaged in the activity that may have

11   constituted a violation of Plaintiff's constitutional rights was Officer Lutticken. (Officer Vaughn

12   may have had some involvement as well, but only enough to give rise to state law tort claims.)

13   Nevertheless, while Officer Lutticken's pat down of Plaintiff may have amounted to a

14   constitutional violation, Plaintiff has not presented evidence that he did so using threats,

15   intimidation, or coercion as is required for a prima facie Bane Act claim. Mere participation in the

16   activity is insufficient to succeed on such a claim. <u>Id.</u> at 882–83. Therefore, the Court will grant

17   summary judgment in Defendants' favor on Plaintiff's claims of a violation of the Bane Act.

18

19   **4.  Conclusion and Order**

20          For the aforementioned reasons, Defendants' Renewed Motion for Summary Judgment will

21   be GRANTED in its entirety. As such, the following claims remain:

22   •   Sixth claim for relief against Officer Lutticken for Fourth Amendment alleged violation
     under 42 U.S.C. section 1983 for the alleged search of Plaintiff's person;
23

24   •   Seventh claim for relief against Officers Lutticken and Vaughn for a state cause of
     action for False Arrest of Plaintiff;

25   •   Eighth claim for relief against Officers Lutticken and Vaughn for a state cause of action
     for False Imprisonment of Plaintiff;
26

27

28                                                   11

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Ninth claim for relief against Officer Vaughn for a state cause of action for Assault of Plaintiff;

- Tenth claim for relief against Officer Lutticken for a state cause of action for Battery of Plaintiff;

- Twelfth claim for relief against Officer Lutticken for trespass for the search of Plaintiff's vehicle; and

- Sixteenth claim for relief for Negligence against Officer Lutticken for the search of Plaintiff Arizmendi and her vehicle.

**IT IS SO ORDERED.**

Dated: November 9, 2012



EDWARD J. DAVILA
United States District Judge

12

Case No.: 5:08-CV-05163 EJD
ORDER GRANTING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT